ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| EDMEE VINCENTY RODRÍGUEZ, <br><br> Apelante, <br><br> v. <br><br> COND. CASTILLO DEL MAR, por conducto de su JUNTA DE DIRECTORES y su presidente, RICARDO FIGUEROA; BRAMAN CORPORATION, representado por su presidente EDWIN GONZÁLEZ, <br><br> Apelada. | TA2025AP00629 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo. <br><br> Civil núm.: CE2025CV00110. <br><br> Sobre: daños y perjuicios. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

La parte apelante, señora Edmee Vincenty Rodríguez[1] (en adelante, señora Vincenty), incoó el presente recurso el 3 de diciembre de 2025. En este, solicita que revoquemos la *Sentencia* dictada el 4 de noviembre de 2025, mediante la cual el Tribunal de Primera Instancia, Sala Superior de Fajardo, desestimó con perjuicio la demanda[2] incoada por ella, al concluir que el Tribunal no podía conceder un remedio justiciable, pues la acción instada resultaba prematura, y por falta de jurisdicción sobre la materia.

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia* apelada.

---

[1] La parte apelante es abogada y comparece por derecho propio, tanto ante el foro primario como ante este Tribunal.

[2] No surge del expediente electrónico que la parte demandada-apelada haya sido emplazada conforme a derecho; tampoco surge su dirección postal o física.

I

El 28 de octubre de 2025, la señora Vincenty presentó una demanda contra el Condominio Castillo del Mar[3] (Condominio). Surge de las alegaciones que ella es la titular del apartamento GB-03 del Condominio, que ubica en Ceiba, Puerto Rico, el cual fue adquirido durante el año 2000[4]. Además, la señora Vincenty planteó que, en el año 2006, informó a la Junta de directores del Condominio, por conducto de su presidente, el señor Ricardo Figueroa, y al señor Edwin González, presidente de Braman Corporation, sobre ciertas filtraciones provenientes del exterior, que presuntamente le han causado daños a su propiedad. Indicó que, en agosto de 2025[5], discutió un plan de reparación presentado por su contratista, sin que este fuera objetado, y asumió los gastos que totalizaron cuatro mil cuarenta y un dólares con cuarenta y un centavos ($4,041.41)[6].

La señora Vincenty sostuvo en su demanda que la administración la ha **amenazado** con suspender los servicios de agua y luz por el supuesto incumplimiento con el pago de las cuotas de mantenimiento, lo que afectaría la venta en curso de su propiedad, valorada en trescientos cincuenta mil dólares ($350,000.00). Además, planteó que tales amenazas le han provocado daños emocionales, que estimó en veinticinco mil dólares ($25,000.00). Solicitó que el tribunal ordenara el cese y desista de cualquier acción que afectara los servicios esenciales de su propiedad y se le compensara por los gastos incurridos, además de las costas y cinco mil dólares ($5,000.00) en concepto de honorarios de abogado[7].

El 29 de octubre de 2025, la señora Vincenty presentó una moción sobre remedios provisionales en la que expuso que, durante la reunión sostenida con el presidente y el administrador del Condominio, **les informó que el costo de las reparaciones sería recuperado mediante el pago**

---

[3] *Véase*, entrada 1 de SUMAC TA, apéndice 1.

[4] *Íd.,* anejo 1.

[5] *Íd.,* anejo 2.

[6] *Íd.,* anejo 4.

[7] *Íd.,* apéndice 1.

**de las cuotas de mantenimiento**. Añadió que, al mes de octubre de 2025, la supuesta deuda por cuotas ascendía a ochocientos dólares ($800.00), mientras que su reclamación por daños sufridos totalizaba cuatro mil cuarenta y un dólares con cuarenta y un centavos ($4,041.41). Por ello, adujo que el Condominio carecía de fundamentos para amenazarla con la suspensión del agua y la luz, para compelerle al pago de las cuotas de mantenimiento que afirma adeudar[8].

El 30 de octubre de 2025, el foro primario emitió una orden, notificada en misma fecha, en la que concedió a la señora Vincenty hasta el 3 de noviembre de 2025, **para que mostrara causa por la cual no debía desestimarse la demanda por no exponer una reclamación que justificara la concesión de un remedio**. **El tribunal interpretó que la mera amenaza atribuida a la Junta no constituía un fundamento suficiente en derecho, y que la señora Vincenty había solicitado un remedio de forma prematura**[9].

Ese mismo día, la señora Vincenty presentó una demanda enmendada[10]. No obstante, el foro primario declaró sin lugar su solicitud de enmienda a la demanda, en espera del cumplimiento de la orden emitida en esa misma fecha[11].

Posteriormente, el 4 de noviembre de 2025, el Tribunal de Primera Instancia desestimó *motu proprio* la demanda. Concluyó que esta dejaba de exponer hechos que justificaran la concesión de un remedio y por tratarse de un caso prematuro. Además, determinó que carecía de jurisdicción sobre la materia, al corresponderle al Departamento de Asuntos del Consumidor (DACo) la jurisdicción primaria y exclusiva para atender la reclamación[12].

---

[8] *Véase*, entrada 1 de SUMAC TA, apéndice 5.

[9] *Íd.*, apéndice 7.

[10] *Íd.*, apéndice 8.

[11] *Íd.*, apéndice 9.

[12] *Íd.*, apéndice 11.

Inconforme con dicha determinación, el 3 de diciembre de 2025, la señora Vincenty presentó su recurso de apelación ante este foro y formuló los siguientes señalamientos de error:

> Erro el Hon. TPI al desestimar la acción de la parte demandante con perjuicio sin considerar que además había una reclamación de daños por trabajos realizados en la propiedad de la parte demandante.

> No procede la desestimación con perjuicio existiendo una reclamación valida en derecho que amerita la concesión de un remedio a favor de la parte demandante.

II

A

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o **prematuro**, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Un recurso presentado prematuramente, adolece del grave e insubsanable defecto de falta de jurisdicción. Como tal, su presentación carece de eficacia.

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) **los tribunales deben auscultar su propia jurisdicción**; (5) **los tribunales apelativos debemos examinar la jurisdicción del foro de donde procede el recurso**; y, (6) el planteamiento sobre jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por

cualquiera de las partes o por el tribunal *motu proprio*. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991). (Énfasis nuestro). Cual apuntado, de determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, **solo procede su desestimación**. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

B

El Tribunal Supremo de Puerto Rico ha resuelto que el propósito de la doctrina de jurisdicción primaria "es determinar si la facultad inicial de adjudicar y atender una controversia le corresponde a un foro administrativo o judicial." *JJJ Adventure, LLC v. Consejo de Titulares del Condominio Adaligia*, op. de 25 de noviembre de 2025, 2025 TSPR 123, a la pág. 9, 216 DPR __ (2025); y *Rolando Vázquez v. Consejo de Titulares*, op. de 21 de mayo de 2025, 2025 TSPR 56, a la pág. 19, 215 DPR__ (2025).

Por otra parte, la jurisdicción primaria exclusiva se configura cuando el legislador dispone expresamente que un organismo administrativo será el foro inicial con autoridad estatutaria para conocer y resolver ciertos asuntos. *Íd*. Véase, además, *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89,103-104 (2020). En consecuencia, cuando la ley confiere dicha autoridad exclusiva a la agencia, los tribunales carecen de jurisdicción para atender el asunto en su origen y deben abstenerse de intervenir en primera instancia. *JJJ Adventure, LLC v. Consejo de Titulares del Condominio Adaligia*, 2025 TSPR 123, a la pág. 10.

En lo pertinente a este recurso, la Ley Núm. 129-2020 (Ley 129), según enmendada, conocida como *Ley de Condominios de Puerto Rico*, 31 LPRA sec.1921, *et seq.*, establece las instancias en que los titulares[13] pueden impugnar acciones u omisiones de la Junta de directores de un

---

[13] Apuntamos que, en la más reciente opinión del Tribunal Supremo de Puerto Rico en *JJJ Adventure, LLC v. Consejo de Titulares del Condominio Adaligia*, 2025 TSPR 123, este concluyó que, mientras el querellante sea el **titular** del apartamento sujeto a la Ley de Condominios, será el DACo el que ostente la jurisdicción primaria y exclusiva sobre sus reclamaciones. Una vez deja de ser titular, cualquier reclamación contra el Condominio, su Consejo de Titulares o Junta de directores será instada ante el Tribunal de Primera Instancia.

condominio sometido al régimen de propiedad horizontal. A saber: cuando sean contrarias a la Ley 129 o a la escritura matriz y al reglamento del condominio. Igualmente, podrán impugnarlas cuando resulten gravemente perjudiciales a los intereses de la comunidad o de un titular. Finalmente, cuando resultaren gravemente perjudiciales para algún titular, que no tenga obligación jurídica para soportarlo y ello no haya sido previsible al momento de la compra. 31 LPRA sec. 1923j. En cuanto al foro con jurisdicción para atender dichos reclamos, el referido estatuto dispone en su Art. 65 que:

.        .        .        .        .        .        .        .

> [l]os titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. **En el caso de los titulares que sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será <u>primaria y exclusiva</u> del Departamento de Asuntos del Consumidor,** así como cualquier reclamación presentada en contra del agente administrador.
> .        .        .        .        .        .        .        .

*Íd.* (Énfasis y subrayado nuestros).

Cónsono con lo anterior, la Regla 23 del *Reglamento de Condominios*, Reglamento Núm. 9386 de 6 de junio de 2022, reitera lo dispuesto en el Art. 65 de la Ley 129 e, igual que dicho estatuto, aclara que el DACo carece de jurisdicción en querellas surgidas en condominios de uso exclusivamente comercial o profesional, así como "las querellas entre titulares o cuando el Consejo de Titulares, el Director o la Junta de Directores presente una reclamación contra uno o varios titulares o residentes del condominio." En todos esos casos, la jurisdicción corresponderá al Tribunal de Primera Instancia.

Nótese, además, que el DACo también ostenta jurisdicción para, una vez presentada una querella, de solicitarse y entenderse procedente, emitir órdenes de cesar y desistir. A esos efectos, nos remitimos al Art. 13(b) de ley orgánica del DACo, Ley Núm. 5 de 23 de abril de 1973, según enmendada, 3 LPRA sec. 341, *et seq.*; a la Regla 30 del Reglamento 9386

y a la Regla 9.1 del *Reglamento de Procesos Administrativos*, Reglamento Núm. 8034 de 14 de junio de 20211 (Reglamento 8034).

Por último, la jurisdicción del DACo se extiende a la adjudicación de los daños y perjuicios sufridos por el querellante, como resultado de los actos u omisiones del Condominio, su Consejo de Titulares o Junta de directores, o su administrador. Regla 7(e) del Reglamento 8034.

III

En el caso de autos, la señora Vincenty plantea que el Tribunal de Primera Instancia erró al desestimar con perjuicio su acción sin considerar su reclamación de daños por los trabajos realizados en su propiedad. Además, sostiene que la desestimación con perjuicio fue improcedente porque existía una reclamación válida en derecho que ameritaba la concesión de un remedio. No le asiste la razón.

En primer lugar, la señora Vincenty arguye que el foro primario ignoró su reclamación de daños. No obstante, del expediente surge que las supuestas amenazas del corte o suspensión de los servicios esenciales nunca se materializaron, ni se configuró acto concreto alguno por parte del Condominio, que afectara efectivamente el disfrute de su apartamento. Ante la ausencia de un acto lesivo consumado, el foro primario correctamente concluyó que la acción era prematura, lo cual privaba de jurisdicción al foro judicial para conceder remedio alguno, por lo que procedía su desestimación. La existencia de una presunta reclamación de daños no subsana este defecto, pues un tribunal no puede adjudicar controversias cuando su jurisdicción se ve negada por falta de madurez del reclamo.

Por otro lado, aun si se entendiera que la reclamación de la señora Vincenty presentaba un daño claro y palpable en cuanto a los gastos incurridos por las reparaciones o la supuesta acción indebida de la Junta, lo cierto es que la controversia planteada se enmarca en las disposiciones de la Ley 129. Conforme a dicho estatuto, la jurisdicción primaria y

exclusiva para atender las reclamaciones relacionadas con actuaciones de la Junta o administración de un Condominio corresponde al DACo.

En este caso, las alegaciones de la señora Vincenty se dirigen precisamente contra la Junta y la administración del Condominio, por actuaciones relacionadas con determinaciones de cuotas, reparaciones, responsabilidades comunes y manejo administrativo; todos son asuntos que, estatutariamente, quedan dentro del ámbito adjudicativo inicial del DACo. Pretender que el tribunal atienda tales controversias en su origen supone desconocer la concesión legislativa expresa y contravendría el esquema de jurisdicción primaria y exclusiva que rige este tipo de reclamaciones. Por ello, mientras el foro administrativo no ejerza su autoridad inicial, el Tribunal de Primera Instancia carece de poder adjudicativo sobre la controversia.

En su último señalamiento de error, la señora Vincenty insiste en que su reclamación era válida en derecho y ameritaba un remedio. Sin embargo, la validez sustantiva que la parte atribuya a su reclamo no puede conferir jurisdicción cuando esta ha sido negada por el ordenamiento jurídico. En este escenario, solo el DACo tenía autoridad inicial para examinar las actuaciones impugnadas. La existencia de un foro administrativo con jurisdicción primaria y exclusiva impide que el foro judicial entienda en el proceso en primera instancia. Por ende, aun si la reclamación de daños tuviera méritos, ello no confiere jurisdicción al foro primario, ni convierte en errónea la desestimación de la demanda.

A la luz de lo anterior, concluimos que la reclamación de la señora Vincenty fue presentada prematuramente, carecía de un fundamento justiciable y se encontraba fuera de la jurisdicción del Tribunal de Primera Instancia.

IV

Por los fundamentos antes expuestos, confirmamos la *Sentencia* emitida y notificada el 4 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones